IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MALVERN PANALYTICAL, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-2157-RGA |
| | : | |
| TA INSTRUMENTS-WATERS, LLC, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

I consider Defendants' partial motion to dismiss. (D.I. 17).

Plaintiff's amended complaint asserts five patents and identifies the accused products – the TA Affinity ITC and the TA Affinity ITC Auto -- by name. (D.I. 14). The two so-called Plotnikov patents issued in 2013 and 2014. On September 2, 2015, Plaintiff sent one of Defendants a letter stating that the accused product infringed the two patents, including "preliminary exemplary claim charts" to that effect. (*Id*. at ¶ 63; *see* D.I. 19-1, Exh. 1). Plaintiff also "generally marks" its products. (D.I. 14 at ¶ 34). The two asserted patents were reexamined, amended, and reissued in 2018. The parties seem to be in agreement that it is the reissued Plotnikov patents that are asserted. ((D.I. 18 at 1-2; D.I. 21 at 5). While it is a close case, I do not think Plaintiff has sufficiently alleged willfulness as to those two patents. The three so-called Broga patents issued in 2016, 2018, and 2019. Other than the assertion that Plaintiff and Defendants are competitors in a two-player industry, there are no factual assertions that begin to

suggest, prior to the filing of the complaint, actual knowledge as to the Broga patents. I do not think Plaintiff has sufficiently alleged willfulness as to those three patents.

Defendants also challenge the allegations of induced and contributory infringement. At least since the filing of the original complaint on November 18, 2019, Defendants have had knowledge of the asserted patents. Plaintiff asserts that Defendants have product literature that tells customers how to use the products in an infringing manner. (*E.g.*, D.I. 14, ¶ 67). While not much, I think this is sufficient at the pleading stage to plausibly allege the induced part of induced infringement. Plaintiffs, however, do not hint at a plausible contributory infringement theory. Each of the accused products is not alleged, as is required by 35 U.S.C. §271(c), to be a "component" that a customer uses as a part of some other system that infringes, or as a "material or apparatus for use in practicing a patented process."[1] (*E.g.*, D.I. 14, ¶ 68). The contributory infringement claims appear to be meaningless additional boilerplate, and thus they will be dismissed.

The partial motion to dismiss (D.I. 17) is GRANTED-IN-PART and DENIED-IN-PART. The allegations of contributory infringement are DISMISSED. The allegations of willfulness are DISMISSED with leave to amend in accordance with the timetable to be set forth in the Rule 16 scheduling order.

IT IS SO ORDERED this 5th day of May 2020.

s/ Richard G. Andrews\_\_\_\_\_
United States District Judge

---

[1] There are no method claims in any of the five patents.