IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MALVERN PANALYTICAL, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-2157-RGA |
| | : | |
| TA INSTRUMENTS-WATERS, LLC, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

I have considered the Joint Stipulation of Non-Infringement (D.I. 163) and the "Proposed Final Judgment" (D.I. 164). I will grant the joint stipulation to the extent it supports a judgment that under my claim construction there is no infringement of the Plotnikov patents. But I will not enter the proposed final judgment, which would provide for the dismissal of the three Broga patents without prejudice. To my eye, the parties have simply agreed to what in substance is an interlocutory appeal. But, through the dismissal without prejudice of the Broga patents, the interlocutory appeal has been papered over to look like (and perhaps be) a final judgment.

Defendant says it is confident that if the Court of Appeals affirms my claim construction, Plaintiff will not refile suit based on the Broga patents alone. (D.I. 168 at 2). Defendant may be right. Plaintiff, however, makes no such representation, and states that the reason I should sign this is to avoid two trials (Broga first, Plotnikov second), which seems to indicate a different point of view of the stand-alone litigation-worthiness of the Broga patents.

I have conducted a Markman hearing on both sets of patents, and the parties have completed fact discovery.

Plaintiff cites *Atlas IP, LLC v. Medtronic, Inc.*, 809 F.3d 599, 605 (Fed. Cir. 2015), in support of the proposal.[1] The relevant portion of *Atlas* states:

> We have jurisdiction over an appeal from a final decision of a district court. 28 U.S.C. § 1295(a)(1). Here, the district court entered judgment on the merits rejecting all of Atlas's claims in its complaint and entered judgment rejecting one of Medtronic's counterclaims, which asserted invalidity of claim 21. Then, based on an agreement between the parties, it dismissed without prejudice Medtronic's other counterclaims, which asserted invalidity of the '734 patent's other claims. For this court to have jurisdiction in this appeal, we must find that there is a final judgment before us, no other basis of appellate jurisdiction being invoked or apparent.
>
> The legal question is whether the district court's complete adjudication of some claims followed by a consented-to dismissal without prejudice of the remaining claims—what has been called "manufactured finality"—produces a final decision under § 1295(a)(1). The answer hinges on whether we apply our law or the law of the regional circuit, here the Eleventh Circuit. Under Eleventh Circuit law, the district court's decision strongly appears not to be final. *See Hood v. Plantation Gen. Med. Ctr., Ltd.,* 251 F.3d 932, 934 (11th Cir.2001); *State Treasurer of State of Mich. v. Barry,* 168 F.3d 8, 11 (11th Cir.1999). But our court has held that a final judgment exists when a district court fully adjudicates some claims and by consent dismisses all remaining counterclaims without prejudice. *See Doe v. United States,* 513 F.3d 1348, 1353–54 (Fed.Cir.2008); *Nystrom v. TREX Co.,* 339 F.3d 1347, 1351 (Fed.Cir.2003).
>
> Our own law, rather than regional-circuit law, governs on this issue. We apply our own law to issues unique to patent law and regional circuit law to issues unrelated to patent law. *See Midwest Indus., Inc. v. Karavan Trailers, Inc.,* 175 F.3d 1356, 1359 (Fed.Cir.1999) (en banc in relevant part). The statute governing our appellate jurisdiction, § 1295, including in particular the language giving us jurisdiction over an appeal from a "final decision" in a patent case, § 1295(a)(1), is unique to this court. Although our interpretation of "final decision" is informed by similar language in § 1291, which governs "courts of appeals (other than the United States Court of Appeals for the Federal Circuit)," § 1295 sets out the exclusive jurisdiction of our circuit, and only our circuit. We therefore apply our own law to issues of finality under § 1295(a)(1). *Nystrom,* 339 F.3d at 1349–50. For that reason, the district court's order dismissing all pending counterclaims without prejudice, after fully adjudicating some of the claims, is final, *see id.* at 1351, and we have jurisdiction here under § 1295(a)(1).

*Atlas*, 809 F.3d at 604–05.

---

[1] Plaintiff cites two other cases, which I think are less relevant than *Atlas*.

It seems to me that *Atlas* is less than persuasive as to what the Federal Circuit would do with the proposed "final judgment" in this case.  All Atlas's claims were resolved; it was "all remaining counterclaims" that were dismissed without prejudice.  Here, yes, the counterclaims would be dismissed without prejudice, but, in addition, the majority of Plaintiff's affirmative claims would be dismissed without prejudice.  Assuming that Plaintiff has cited to me its best case, the Federal Circuit would have to extend the *Atlas* holding to find that there is a final judgment in this case.  I cannot predict what the Court of Appeals would do, but as a practical matter, dismissal without prejudice of counterclaims guarantees that if the Court of Appeals affirms, the case is over.  Here, though, it does not matter what the Court of Appeals does; if it reverses, the entire case comes back, and, if it affirms, there is no guarantee the case is over.  Plaintiff can refile the Broga patents.  Depending on when Defendant introduced the accused products, it may be that the damages based on the refiled Broga patents would be essentially the same as they would be in the presently-filed case.

All the reasons that piecemeal appeals are disfavored apply here.  I decline to enter the proposed judgment.

IT IS SO ORDERED this 3rd day of May 2021.

/s/ Richard G. Andrews
United States District Judge